UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-189

**IDA JO TOCCO**                                                                                              **PLAINTIFF**

**v.**

**ROBERT D. MATTINGLY**                                                                          **DEFENDANT**
**Acting individually and in his official capacity**
**on behalf of the State of Kentucky**

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion to Dismiss (Docket #4) and Plaintiff's Motion for Summary Judgment (Docket #5). Plaintiff has not responded. Defendant has responded and replied (Docket #6). Plaintiff has replied (Docket #7). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED.

## BACKGROUND

On January 8, 2009, Defendant Judge Robert D. Mattingly presided over a court hearing in Calloway Family Court regarding Plaintiff Ida Jo Tocco's divorce from Chris L. Easley. Prior to this hearing, Ms. Tocco had filed a motion for representation. Judge Mattingly denied this motion on November 26, 2008. Judge Mattingly found that the case was an uncontested divorce in which the Decree of Dissolution was entered on November 20, 2008, at 9:53am, prior to Ms. Tocco's filing of her motion on November 20, 2008, at 4:15pm. Therefore, Ms. Tocco had to represent herself in the hearing on January 8, 2009.

Ms. Tocco claims that she entered into the divorce agreement while under duress, and that the contract should have been deemed void by Judge Mattingly. Ms. Tocco also asserts that she annulled the contract within 30 days. After the January 8, 2009, Judge Mattingly issued an

order denying Ms. Tocco's Motion to Reconsider as untimely, denying Ms. Tocco's Motion Regarding Property Settlement for failing to state plainly the grounds for relief, denying a motion filed by Jesse McNutt to assist Ms. Tocco in the action, and denying Ms. Tocco's motion for a custody hearing because a final custody order had already been entered and Ms. Tocco had failed to comply with Kentucky statutes regarding modification of custody.  The order also granted Chris Easley's Motion to Enforce the Separation Agreement, resulting in Ms. Tocco being forced to vacate the marital residence within thirty days.

Ms. Tocco filed suit against Judge Mattingly under 42 U.S.C. § 1983 seeking actual and punitive damages for violation of her due process and equal protection rights, as well as forcing Ms. Tocco to represent herself ineffectively.  Judge Mattingly has moved to dismiss all of Ms. Tocco's claims.  Ms. Tocco has filed a motion for summary judgment.

## DISCUSSION

### I.    Defendant's Motion to Dismiss

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at

1965 (internal citation and quotation marks omitted).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests.  *Id.* at 1965.  Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint."  *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

     Defendant argues that Plaintiff's action is barred by judicial immunity, sovereign immunity, and failure to state a claim upon which relief can be granted.  With very few exceptions, Courts have traditionally held that judges have absolute immunity from lawsuits concerning their official judicial actions.  *Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *See also Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978); *Fischer v. Kenton County Judicial System*, 2005 WL 2122643 at *4 (E.D.Ky.).  Such absolute judicial immunity has always applied to civil rights suits brought against judges under 42 U.S.C. §1983.  *Pierson*, 386 U.S. at 553-555.  As mentioned, such absolute immunity exists for those acts that are truly judicial in nature.  *Morrison v. Lipscomb*, 877 F.2d 463, 467-468 (6th Cir. 1989) (citing *Forrester v. White*, 484 U.S. 219).

     Absolute judicial immunity does not diminish even if the reasoning used by the judge is in error or is flawed.  *Stump*, 435 U.S. at 359.  In fact, "[t]his immunity applies even when the judge is accused of acting maliciously and corruptly . . . ."  *Pierson*, 386 U.S. at 554.  In *Stump*, the United States Supreme Court established a two (2) part test to determine whether an act is

judicial. *Id.* at 362. First, the Court must consider whether the act in question is that which is usually performed by a judge, requiring the Court to examine the nature and the function of the act, not the act itself. *Id.* Second, the Court must determine whether the parties dealt with the Judge in his/her official judicial capacity. *Id.*

In the instant case, Plaintiff objects to Defendant's rulings on her motions and the process by which the hearing was held. All of these acts by Defendant represent functions normally performed by a judge. Judges have authority to rule on motions made by the parties and hold hearings. Whether the Defendant's rulings were "correct" or "fair" is irrelevant under the doctrine of judicial immunity. Further, at all times Plaintiff alleges her rights were violated, she was dealing with Defendant in his official judicial capacity. This matter came upon him during the course of his duty, and not in his personal or private life.

Therefore, this Court finds that Plaintiff's claims against Defendant are barred by absolute judicial immunity. The Court need not address the subsequent arguments made by Defendant. Defendant's motion is granted.

## II.     Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment cannot succeed because Plaintiff is barred from bringing her claims against Defendant due to judicial immunity. Therefore, Plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Motion for Summary Judgment is **DENIED**.

An appropriate order shall issue.