UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-189

**IDA JO TOCCO**                                                                                                                **PLAINTIFF**

v.

**ROBERT D. MATTINGLY**                                            **DEFENDANT**
**Acting individually and in his official capacity**
**on behalf of the State of Kentucky**

**MEMORANDUM OPINION**

This matter is before the Court upon Plaintiff Ida Jo Tocco's Motion to Reconsider, Amend, Alter and/or Vacate with Objection and Exception with Motion to Strike (Docket #10). Plaintiff asks this Court to vacate its judgment granting Defendant's motion to dismiss (Docket #9). The Court being sufficiently advised, Plaintiff's Motion is DENIED.

**DISCUSSION**

Ms. Tocco filed suit against Judge Mattingly under 42 U.S.C. § 1983 seeking actual and punitive damages for violation of her due process and equal protection rights, as well as forcing Ms. Tocco to represent herself ineffectively. Judge Mattingly has moved to dismiss all of Ms. Tocco's claims. Ms. Tocco has filed a motion for summary judgment. In its order dated January 14, 2010, this Court granted Judge Mattingly's motion to dismiss and denied Ms. Tocco's motion for summary judgment. Ms. Tocco now asks the Court to reconsider and vacate our judgment.

Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC*

*Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

Ms. Tocco has failed to assert any arguments that merit vacating the Court's final judgment. First, Ms. Tocco argues that she never received notice from the Court of a 12(b)(6) motion to dismiss, and therefore, she was not afforded an opportunity to respond. Judge Mattingly's Motion to Dismiss was filed on November 23, 2009 (Docket #4). The motion certifies that a copy was sent by mail to Ms. Tocco on that same day. Although Ms. Tocco did not respond to Judge Mattingly's motion, her own motion for summary judgment addressed the arguments raised by the motion to dismiss. Ms. Tocco cannot argue that she was not afforded an opportunity to respond.

Next, Ms. Tocco argues that a 12(b)(6) motion to dismiss is irrelevant and immaterial because it applies to claims, not defenses. Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal when the complaint fails "to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). In this case, the Court found that Ms. Tocco's claims could not survive because Judge Mattingly is protected by judicial immunity. Therefore, even if Ms. Tocco's claims have merit, there is no relief which can be granted upon those claims as immunity shields Judge Mattingly from any judgment against him. For this reason, it was proper to dismiss the action under Rule 12(b)(6).

Ms. Tocco also asserts an exception to the Assistant Attorney General's failure to answer the question, "Is Judge Mattingly a civil service employee or not?" Parties are not obligated to

respond directly to questions presented in pleadings. Therefore, the Court finds that this argument has no merit.

Finally, Ms. Tocco asserts that Judge Mattingly is a civil service employee, and therefore, not entitled to the protection of judicial immunity. This argument has already been raised and rejected. "Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits." *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997). Judges lose immunity only when they take nonjudicial actions, or if their actions are "taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Therefore, Ms. Tocco's classification of Judge Mattingly as a civil service employee is misplaced. Judge Mattingly's actions were judicial actions taken under proper jurisdiction. He is entitled to absolute judicial immunity.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED.

An appropriate order shall issue.